## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **THE TRUSTEES OF THE MINNESOTA CEMENT MASONS AND PLASTERERS FRINGE BENEFITS FUNDS,**<br><br>Plaintiffs,<br><br>v.<br><br>**M.L. JOHNSON CONCRETE, INC. and MARLON L. JOHNSON,**<br><br>Defendants. | Civil No. 03-6143 (JNE/JGL)<br><br><br><br>**REPORT AND RECOMMENDATION** |

### APPEARANCES

Stephen C. Kelly, Esq. on behalf of Plaintiffs

Steven C. Opheim, Esq. on behalf of Defendants

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on June 28, 2005, on Plaintiffs' Motion for Order to Show Cause and Steven Opheim's Motion to Withdraw as Counsel. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

The Court granted Steven Opheim's Motion to Withdraw as Counsel in a separate Order because that motion was not case-dispositive.

Plaintiffs' motion seeks an entry of default judgment against Defendants, and the Court must separately address that motion in this Report and Recommendation.

Marlon L. Johnson is the president of the corporate Defendant. He has failed to communicate with his lawyer, Mr. Opheim, since July 2004 despite Mr. Opheim's numerous attempts of communication via letter correspondence and phone messages. Based on this failure to communicate with counsel, the Court granted Mr. Opheim's motion to withdraw.

Mr. Johnson has also failed to participate in this case. On March 7, 2005, this Court held a settlement conference at which Mr. Johnson failed to appear without explanation. At that time, the Court instructed Plaintiffs' counsel to request an order to show cause why default should not be entered against Defendants. This Court subsequently issued an Order to Show Cause on April 27, 2005, ordering Mr. Johnson to personally appear at the hearing on June 28, 2005, and explain why default should not be entered against him and why sanctions should not be imposed. Mr. Johnson did not appear at the hearing.

Federal Rule of Civil Procedure 55(a) provides that a court may enter default against a party when he fails to plead or otherwise defend in the action. Here, Mr. Johnson failed to appear at a settlement conference, and he also failed to appear at the show cause hearing. The Court therefore

recommends that default be entered against Defendants M.L. Johnson Concrete, Inc. and Marlon L. Johnson. Additionally, M.L. Johnson Concrete, Inc. is in default because a corporation may not proceed pro se in the Eighth Circuit. See Fingerhut Corp. v. Ackra Direct Mktg. Corp., 86 F.3d 852, 857 (8th Cir. 1996).

The Court further finds that a judgment by default under Rule 55(b)(2) is appropriate in this case. Defendants were given notice that Plaintiffs would seek a judgment by default in Plaintiffs' motion papers. Plaintiffs have submitted an affidavit establishing the amount of their damages as $86,578.85. (Kelly Aff. ¶ 18 & Exs. B, C, D.) Default judgment against Defendants should be entered for this amount.

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

(1)   Plaintiff's Motion for an Order to Show Cause (Doc. No. 10) should be **GRANTED**;

(2)   The Clerk's Office should be directed to enter default against Defendants M.L. Johnson Concrete, Inc. and Marlon L. Johnson; and

(3)   Judgment by default should be entered in the amount of $86,578.85.

Dated: July 5, 2005

 s/ Jonathan Lebedoff
JONATHAN LEBEDOFF
Chief United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by July 22, 2005 .  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.